McALLISTER v. STATE.*

(In Banc.    June 6, 1927.)

[113 So. 179.    No. 26340.]

1. HOMICIDE.    *Testimony of disagreement concerning payment for clothes, and that deceased was robbed after being shot, held to show motive for murder.*

Testimony in murder prosecution relative to disagreement between defendants and deceased at time of killing concerning payment for certain clothes, and that deceased was robbed after he was deliberately shot down, *held* to sufficiently show motive for the crime.

2. CRIMINAL LAW.    *Objection to testimony on ground witness was incapacitated on account of youth must be made at trial.*

Objection to testimony of witness on ground that he was incapacitated on account of youth must be made at time testimony is given at trial.

3. CRIMINAL LAW.    *Defendant accepting jury without objection cannot thereafter complain that he did not have fair and impartial jury.*

Where defendant in murder prosecution accepted, without objection, jury, which was shown by record to have been made up of

fair and impartial jurors, he cannot thereafter complain that
he did not have a fair and impartial jury.

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 874, n. 99;
17CJ, p. 56, n. 16; p. 61, n. 77; Homicide, 30CJ, p. 299, n. 54.  As to
sufficiency of evidence to show motive for killing see 13 R. C. L. 910;
3 R. C. L. Supp. 105; 5 R. C. L. Supp. 717.

Appeal from circuit court of Chickasaw county.

Hon. T. E. Pegram, Judge.

White McAllister was convicted of murder, and he appeals.  Affirmed.

*George Bean, Jr.,* for appellant.

*J. A. Lauderdale,* Assistant Attorney-General, for the
state.

Holden, P. J., delivered the opinion of the court.

White McAllister appeals from a conviction of murder and a sentence of death.

Appellant and James Carter were convicted of the joint murder of Randle Logan, and the facts and circumstances of the killing, as stated in the opinion by Justice Cook, *in banc,* rendered this day, 113 So. 177, are practically the same as in the case before us, and the statement of facts and circumstances in the James Carter case is adopted as the statement of facts and circumstances in the case at bar.

The errors urged for reversal, although the two parties, McAllister and Carter, were not tried together, are practically the same in both cases on appeal.  But we shall briefly refer to the points presented by McAllister for reversal.

It is contended that the evidence was insufficient to sustain a conviction.  This position is not maintainable, because the positive testimony, introduced by the state, of Willie Logan and Joe Crumpton was sufficient to make

out a clear case of murder against McAllister and Carter.

It is urged, also, that there was no motive shown for the crime, but we cannot agree with this view, because the facts testified to show that there was a disagreement between the parties at the time of the killing concerning the payment for certain clothes bought by the deceased; and, furthermore, the deceased was robbed after he was deliberately shot down by Carter and McAllister.

The objection to the testimony of Joe Crumpton because he was incapacitated on account of his youth is not well grounded, because no objection was made to his testimony at the time, and, besides, his testimony is clear and intelligent and was competent to be considered and passed upon by the jury. The testimony of this boy is now also objected to, though not at the time he testified, because he is alleged to have been under the influence of a Mr. Anderson, but we find no merit in this contention as the proof does not sustain the claim.

The appellant now complains that he did not have a fair and impartial jury, but this position is untenable for several reasons. The record does not show what jurors served on the jury, but does show that the men who tried the case were qualified as fair and impartial jurors, and it appears from the record, moreover, that the appellant accepted the jury, without objection, which finally tried the case.

In addition to what we have said with reference to the grounds for reversal, we refer to the opinion of Justice Cook, rendered this day in the companion case of James Carter, which opinion is applicable to the case before us, and is cited to further sustain our view that the errors urged for reversal are without merit in the case at bar.

In view of these conclusions, the judgment of the lower court is affirmed, and Friday, July 15, 1927, is fixed as the date for execution of the sentence of the court.

*Affirmed.*